**INSTITUT PASTEUR and Centre National De La Recherche Scientifique, Plaintiffs,**

v.

**Adam J. SIMON, Ph.D., Defendant.**

No. Civ.A. 98–727.

United States District Court, E.D. Pennsylvania.

Aug. 27, 2004.

---

Albert J. Breneisen, Christopher L. Ogden, Richard S. Gresalfi, William G. James, Kenyon and Kenyon, Daniel F. Schiff, Dorsey & Whitley, LLP, New York City, Lynn Collins, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Mari Shaw, Obermayer Rebmann Maxwell & Hippel LLP, Thomas B. Kenworthy, Morgan Lewis and Bockius L.L.P., Philadelphia, PA, for Plaintiffs.

Cutis B. Miner, David Boies, Stephen R. Neuwirth, Boies & Schiller, LLP, Armonk, NY, Daniel M. Cohen, H. Laddie Montague, Jr., Peter R. Kahana, Berger & Montague, PC, Philadelphia, PA, for Defendant.

## OPINION

POLLAK, District Judge.

This law suit commenced as an action brought by Centre National de la Recherche Scientifique ("CNRS") and Institut Pasteur seeking a declaratory judgment that Dr. Adam Simon has no valid interest in certain patents. Dr. Simon resists plaintiffs' claims and has also filed certain counterclaims—two of which are the subject of this opinion. Dr. Simon is an American physicist. Institut Pasteur is a noted French center of scientific research. CNRS is an agency of the French government that supports the research programs of other institutions and also engages in research projects of its own, sometimes in collaboration with other institutions such as Institut Pasteur. Pursuant to an invitation to participate in on-going research on molecular combing, Dr. Simon came to Paris in the summer of 1993 and worked in laboratories of CNRS (and, occasionally, Institut Pasteur) from September of 1993 to August of 1995. The patents in question are fruits of the research in which Dr. Simon participated during those two years.

On November 13, 2003, this court denied plaintiffs' Motion for Partial Summary Judgment, finding that, as a matter of French law, plaintiffs were not entitled to judgment that Dr. Simon has no cognizable interest in the patents. And, following a June 3, 2004 status conference, this court denied Dr. Simon's appeal from the order of Magistrate Judge Angell denying Dr. Simon permission to videotape the continued deposition of Dr. Francois Heslot; Dr. Simon was, however, granted leave to audiotape the deposition. Trial has been scheduled for April 11, 2005.

Presently before this court is plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim Counts V and VI for Lack of Subject Matter Jurisdiction. Dr. Simon's

amended counterclaim V, brought pursuant to 35 U.S.C. §§ 102(f), 115, seeks a declaratory judgment that United States Patents Nos. 5,677,126, 5,840,862 and 5,846,724 ("the patents") are invalid on the ground that plaintiffs intentionally misled the patent examiner by failing to disclose in the prosecution of its patent applications the material fact that Dr. Simon was an inventor of the inventions at issue. Counterclaim VI, brought pursuant to 35 U.S.C. § 112, seeks a declaratory judgment that the patents are invalid on the ground that plaintiffs intentionally failed to set forth the best mode contemplated by the inventor carrying out his invention, in that they fraudulently excluded certain inventive contributions made by Dr. Simon which are critical to the patents' successful application.

Plaintiffs contend that, pursuant to Fed. R.Civ.P. 12(h)(3),[1] both of these counterclaims should be dismissed for lack of subject matter jurisdiction, "because neither of the requirements for a justiciable case or controversy as applied to declarations of patent rights and relationships are present here." Relying on *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed.Cir. 1993), plaintiffs contend that "the validity of a patent is only a case or controversy when patent infringement is an issue," and that Dr. Simon has "not proven either that there is an explicit threat of an infringement suit by plaintiffs or that he is presently infringing or taking concrete steps with the intent to infringe [the patents]."

██ Dr. Simon maintains that *BP Chemicals* does not apply in this instance because *BP Chemicals* merely sets forth "the overall requirements for subject matter jurisdiction under Article III and the Declaratory Judgment Act crafted only for the typical situation involving issues of patent invalidity, when a potential or actual patent infringer sues for a declaratory judgment of patent invalidity in order to defend itself against a (real or potential) infringement claim by the patent holder." Because infringement is not an issue in this case, Dr. Simon contends, "this Court should apply the regular Article III and Declaratory Judgment Act requirements as in the usual declaratory judgment case."[2]

Discussion

██ In order to meet the Declaratory Judgment Act's "actual controversy" requirement, declaratory judgment plaintiffs

---

1. Plaintiffs do not cite Fed.R.Civ.P. 12(b)(1), which seems equally pertinent.

2. Dr. Simon also contends that Third Circuit, rather than Federal Circuit, case law controls in this matter because the issue here— "whether *BP Chemicals* or the traditional Declaratory Judgment Act test applies to Dr. Simon's claims"—is a purely jurisdictional question involving non-patent matters. This contention is not persuasive. In *Flex–Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362 (Fed.Cir. 2001), the Federal Circuit, faced with the question of whether Federal Circuit, Ninth Circuit, or California law applied to the parties' claims, stated:

> We answer this question on an issue by issue basis, and will apply the law of the regional circuit to which the district court appeal normally lies unless the issue pertains to or is unique to patent law, in which case we will apply our own law to both substantive and procedural issues intimately involved in the substance of enforcement of the patent right.

238 F.3d at 1365 (internal quotations and citations omitted).

In the instant matter, the question of what test to apply to determine justiciability under the Declaratory Judgment Act in a patent case "pertains to ... patent law." And, because declaratory counterclaims V and VI invoke patent law (35 U.S.C. §§ 102, 112, 115), these claims raise "procedural issues intimately involved in the substance of enforcement of the patent right." Thus, Federal Circuit jurisprudence controls.

seeking a declaration of a patent's invalidity have been required to demonstrate an objectively reasonable apprehension of facing an infringement suit. In *BP Chemicals*, the Federal Circuit set forth a concise two-part test for determining declaratory justiciability in this context:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

4 F.3d at 978.

Dr. Simon argues that the *BP Chemicals* two-part test should not apply in this instance, citing various cases that he contends support the proposition that *BP Chemicals* only applies in the patent infringement context. These cases are, however, inapposite.

Dr. Simon relies, for example, on *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466 (Fed.Cir.1997), in which the court stated that

> a declaratory plaintiff may establish an actual controversy ... by averring: (1) that it holds a recognized interest in a patent that could be adversely affected by an action brought under [35 U.S.C.] § 256 ["Correction of Named Inventor"], and (2) another party with a right to bring an action under section 256 has created in the declaratory plaintiff a reasonable apprehension that it will do· so.

123 F.3d at 1471. But *Fina Oil* lends no support to Dr. Simon's position since there the declaratory plaintiff was not asking the court for a declaration of a patent's invalidity. The *Fina Oil* declaratory plaintiff was seeking a declaration that the inventors were properly named on the patent at issue in accordance with 35 U.S.C. § 116. Thus, *Fina Oil* does not alter the *BP Chemicals* two-pronged test for determining whether an actual controversy exists in cases involving a declaratory judgment of patent invalidity.

Similarly, Dr. Simon's position is not supported by *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), since, as the court in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed.Cir.1995) recognized, *Cardinal* merely addressed "the propriety of appellate jurisdiction over final judgments respecting infringement and validity;"[3] it did not "revolutionize the justiciability of judgment actions attacking a patent's validity ... and nothing in *Cardinal* undermines [the Federal Circuit's] decisions on declaratory justiciability at the trial court level." 57 F.3d at 1060. Indeed, the *Super Sack* court applied the *BP Chemicals* two-part test, finding that no "actual case of controversy" existed because the declaratory plaintiff had "no reasonable apprehension that it [would] face an infringement suit on the [patents at issue]." *Id.* at 1059.

■ In sum, *BP Chemicals* remains the governing authority, and, judged by that

---

**3.** The question presented in *Cardinal* was "whether the affirmance by the Court of Appeals for the Federal Circuit of a finding that a patent has not been infringed is a sufficient reason for vacating a declaratory judgment holding the patent invalid." 508 U.S. at 85, 113 S.Ct. 1967. In answering that question, the Supreme Court "reject[ed] the Federal Circuit's practice," *id.* at 102, 113 S.Ct. 1967, of routinely directing vacation of a district court declaratory judgment of patent invalidity as a corollary of an affirmance of the district court's finding of non-infringement. While rejecting the Federal Circuit's practice as a matter of routine, the Supreme Court "acknowledge[d] that factors in an unusual case might justify that court's refusal to reach the merits of a validity determination—a determination which it might therefore be appropriate to vacate." *Id.*

authority, Dr. Simon's counterclaims V and VI are not viable. Plaintiffs have not sued Dr. Simon for patent infringement, nor does Dr. Simon allege that he has a reasonable apprehension of suit for patent infringement. Furthermore, Dr. Simon has not taken any steps that would constitute infringement of the patents at issue.

Accordingly, in an order accompanying this opinion, pursuant to Fed.R.Civ.P. 12(b)(1) & 12(h)(3), plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim Counts V and VI for Lack of Subject Matter Jurisdiction will be granted and Dr. Simon's counterclaims V and VI will be dismissed.